# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON CARE RECORDS, et al.,<br><br>Defendants. | Case No. 1:21-cv-00857-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S NOTICE OF DENIAL OF ACCESS TO THE LAW LIBRARY<br><br>(ECF No. 34) |

Plaintiff Suten Blackgold is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's notice to the Court regarding denial of access to the law library. (ECF No. 34.) Defendants filed an opposition on February 6, 2023. (ECF No. 35.) The Court construes Plaintiff's notice as a request for a preliminary injunction.

**I.**

**DISCUSSION**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction

may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

This action is proceeding on Plaintiff's claim that prison officials intentionally and maliciously refused to process his properly supported request for a legal name change. Plaintiff seeks an order directing that he be granted access to the library, photocopies and envelopes. Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.

In response, Defendants submit the declaration of Ligation Coordinator B. Hancock who declares as follows:

> I reviewed [Plaintiff's] inmate transaction list for the time period between November 25, 2022, and January 26, 2023. The list indicates that on November 29 and on December 21 and 28, 2022, [Plaintiff] purchased legal mailing supplies and photocopies. [Plaintiff] also purchased legal mailing supplies and photocopies on January 5, 13, 18, 19, and 26, 2023. A true and correct copy of [Plaintiff's] inmate transaction list is attached as Exhibit A.
>
> I also reviewed [Plaintiff's] list of offender appointments in SOMS, CDCR 2171

forms, and the library sign-in sheets for the time period from November 2022 to January 2023.

[Plaintiff's] list of offender appointments indicate that they had appointments to attend the law library on November 3, 15, and 16, 2022; December 5 and 8, 2022; and January 5, 10, 12, 17, and 19, 2023.1 A true and correct copy of this list is attached as Exhibit B.

The sign-in sheets for the law library in Facility D, where [Plaintiff] was housed until December 23, 2022, indicate that [Plaintiff] accessed the law library on November 1, 3, 8, 16, 18, and 22, 2022. [Plaintiff] did not appear for their appointments for the library on December 5 and 8, 2022. True and correct copies of the sign-in sheets for the law library in Facility D, with the names and other identifying information of other inmates and staff members redacted, are attached as Exhibit C.

On November 10, 2022, [Plaintiff] submitted a Priority Library User request in connection with their lawsuit, *Blackgold* v. *Madden, et al.,* S.D. Cal. Case No. 2:22-cv-00915-MMA (WVG), noting that they had a court deadline of December 8, 2022. On the same date, this request was granted, and [Plaintiff] had Priority Library User status from November 10, 2022, to December 8, 2022. A true and correct copy of this request is attached as Exhibit D.

There is no indication that [Plaintiff] renewed their Priority Library User status between December 8, 2022, and January 10, 2023.

The sign-in sheets for the law library in Facility C, where [Plaintiff] has been housed since December 23, 2022, indicate that [Plaintiff] accessed the library on January 10 and 11, 2023, for photocopies and supplies. [Plaintiff] also accessed the library on January 17, 2023, to obtain forms. True and correct copies of the sign-in sheets for the law library in Facility C are attached as Exhibit E.

On January 10, 2023, [Plaintiff] submitted another CDCR 2171 form to request Priority Library User status due to a March 20, 2023 deadline in this matter. [Plaintiff's] request was granted, and they received such status to begin on February 18, 2023, and end on March 20, 2023. A true and correct copy of [Plaintiff's] January 20, 2023 CDCR 2171 form is attached as Exhibit F.

(Declaration of B. Hancock ¶¶ 7-14, ECF No. 35-1.)

Based on the declaration by B. Hancock, it is clear that Plaintiff has been able to attend the law library, and obtain photocopies and mailing supplies during the time frame at issue. In addition, Plaintiff's request is not sufficient related to the allegations in the complaint and his contentions in the current notice constitute a new allegations and legal claim. Further, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to the law library.

Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for a preliminary injunction be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 7, 2023**

UNITED STATES MAGISTRATE JUDGE